UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN OLIVER EDWARDS, : Case No. 1:01-CV-582
:
       Plaintiff, : Judge Weber
:
v. :
:
IOF FORESTERS SEVERANCE PAY : **DEFENDANT AND**
PLAN AND SUMMARY PLAN : **COUNTERCLAIMANT IOF'S**
DESCRIPTION FOR FIELD DISTRICT : **PROPOSED FINDINGS OF FACT**
MANAGEMENT EMPLOYEES OF THE : **AND CONCLUSIONS OF LAW**
INDEPENDENT ORDER OF
FORESTERS WHO WORK IN U.S.
FIELD OFFICES,

and

THE INDEPENDENT ORDER OF
FORESTERS
       Defendants.

Pursuant to this Court's Trial Procedural Order, the Defendant Independent Order of Foresters ("IOF") submits the following Proposed Findings of Fact and Conclusions of Law.

## PROPOSED FINDINGS OF FACT

1.    The IOF is a fraternal organization that sells certain types of life and health insurance products to its members. (Rounthwaite Affidavit, ¶ 2, attached to Defendant's Reply Memorandum in Support of its Motion for Leave to Amend its Answer and Incorporate a Counterclaim (herein "Rounthwaite Aff.").

2.    The IOF does not underwrite some types of insurance, such as long term

W0195428.1

care and disability income insurance. (Rounthwaite Aff., ¶ 3).  Therefore, it allows its agents to sell non-competing insurance products of other companies through a licensed IOF subsidiary, Sylvan Agency, Inc. (herein "Sylvan"). (Id.).  Sylvan approves the companies whose products may be sold by IOF agents. (Id.)

      3.      At all times relevant to the complaint, Plaintiff was employed as a District Manager of the IOF's field office in Cincinnati.  (Complaint, ¶ 9 & Exh. C attached thereto).  The terms of his employment with the IOF are set forth in an agreement entitled "District Manager Agreement `A' United States Between [IOF] and Edwards, John," which is dated November 20, 1995 (herein "Employment Agreement"). (Edward's Deposition, Exh. 4)

      4.      Plaintiff's Employment Agreement provides, "[y]ou cannot hold a license or put business through another company unless your Divisional Manager or Superintendent of Fieldwork agrees in writing, nor can you work for any other employer."  (Edward's Deposition, Exh. 4)

      5.      While employed by the IOF, Plaintiff held appointments to sell life insurance with, among others, Reliance Standard Life Insurance Company ("Reliance"), National Western Life Insurance Company ("National Western") and Penn Treaty Network America Ins. Co., which purchased Network America Life Insurance Companies ("Network America").  (Edwards 12/6 dep, pp. 30, 93, 119 and Exhibits 30 and 48)

      6.      While Plaintiff was employed by the IOF, and being paid to sell its life insurance products,  he sold life insurance for National Western  and Network America.  (Edwards 12/6 Dep., Exhibits 31 - 48 and Plaintiff's Response to Defendant's First

Request For Admissions). In the four months preceding his termination, Plaintiff took at least ten applications for life insurance on behalf of National Western alone. (Id.).

7. Network America, National Western, and Reliance marketed life insurance products that competed with those marketed by IOF. (Edwards 12/6 Dep., pp. 26-29).

8. Reliance, Network America and National Western were not approved by Sylvan. (Edwards 12/6 Dep., p. 49)

9. Plaintiff was never instructed by the IOF, or anyone with the requisite authority, to obtain appointments to sell insurance with Network America, National Western or Reliance nor was he ever authorized to sell competing life insurance products such as universal life, whole life and whole/term life products for companies other than the IOF. (Edwards 12/6 dep, pp. 56, 60, 70-75)

10. Neither Plaintiff's Divisional Manager or his Superintendent of Fieldwork ever agreed in writing that Plaintiff could hold a license or put business through Network America, National Western or Reliance. Nor did Plaintiff have verbal permission to do so. (Edwards 12/6 dep, pp. 56, 60, 70-75)

11. Plaintiff completed an "Appointment Questionnaire" for Network America on or about March 24, 1996. The questionnaire asks whether Network America may "contact your present companies." (Edwards Dep., Exh. 30, question no. 8 ). Plaintiff answered no and did not provide the requested explanation for a "no" answer because he was trying to conceal his application from the IOF. (Id.).

12. Plaintiff sold life insurance for, and otherwise conducted business with and on behalf of Reliance, Network America and National Western and other unauthorized

insurance companies while being paid by the IOF to perform services on its behalf.

## PROPOSED CONCLUSIONS OF LAW

1. Ohio substantive law governs this dispute pursuant to the terms of Edward's Employment Agreement. (Edward's Deposition, Exh. 4)

2. In Ohio, an employee has a duty to act "in the utmost good faith and loyalty" to his employer and its interests. *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 326 (10th Dist. 2000) quoting *Connelly v. Balkwill*, 160 Ohio St. 430, 440 (1954). Competing with the employer is just one of the ways in which an employee violates this duty. See *Michael Shore & Co. v. Greenwald*, 1985 WL 17713 (8th Dist. Ohio Ct. App.). See also *Berge*, 136 Ohio App. 3d at 326.

3. To establish a breach of contract, a plaintiff must establish the existence and terms of a contract, the plaintiffs performance of the contract, the defendant's breach of the contract and damage or loss to the plaintiff. *Powell v. Grant Med. Ctr.*, 148 Ohio App. 3d 1, 10 (2002-Ohio-443).

4. Plaintiff breached his Employment Agreement by holding appointments to sell insurance with companies that were not authorized by Sylvan.

5. Plaintiff breached his Employment Agreement by selling life insurance products for companies other than the IOF.

6. Plaintiff breached his common law duty of loyalty by selling life insurance products for companies other than the IOF.

7. Plaintiff's sale of life insurance products for companies other than the IOF, in breach of his Employment Agreement and his duty of loyalty, resulted in lost sales and revenue to the IOF for which the IOF is entitled to an appropriate award of

damages.

8.    Plaintiff was unjustly enriched by his collection of wages from the IOF for time that he spent selling life insurance for, and otherwise conducting business with and on behalf of Reliance, Network America, National Western and other unauthorized insurance companies and the IOF is entitled to restitution of those wages or an appropriate award of damages.

9.    The IOF is entitled to an award of punitive damages for Plaintiff's breach of his duty of loyalty.

10.    The IOF is entitled to an award of its attorney's fees for Plaintiff's breach of his duty of loyalty.

11.    The IOF is entitled to an award of attorney fees on both the breach of contract and breach of duty of loyalty claim because Plaintiff opposed, by act or omission, the IOF's motion to dismiss its counterclaims in bad faith and for vexatious and oppressive reasons.

12.    The IOF is entitled to an award of prejudgment interest for the money damages it suffered as a result of Plaintiff's breach of his duty of loyalty and breach of his Employment Agreement.

s/ David H. Peck
David H. Peck (0059798)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel.: (513) 381-2838
Fax: (513)381-0205
peck@taftlaw.com

Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was electronically filed on June 22, 2004.  By virtue of operation of the Court's CM/ECF system, notice of this filing will be sent to Robert Armand Perez, Sr., Counsel for Plaintiff, The Perez Law Firm Co., L.P.A., 7672 Montgomery Road, Suite 378, Cincinnati, Ohio 45236.