UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN OLIVER EDWARDS, | : Case No. 1:01-cv-582 |
| Plaintiff, | : |
| v. | : Judge Weber |
| | : Magistrate Judge Hogan |
| IOF FORESTERS SEVERANCE PAY PLAN AND SUMMARY PLAN DESCRIPTION FOR FIELD DISTRICT MANAGEMENT EMPLOYEES OF THE INDEPENDENT ORDER OF FORESTERS WHO WORK IN U.S. FIELD OFFICES | : |
| and | : |
| THE INDEPENDENT ORDER OF FORESTERS, | : |
| Defendants. | : |

## JOINT FINAL PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16.

I.  **APPEARANCES:**

For Plaintiff and Counter-defendant:

Robert Armand Perez, Sr.
The Perez Law Firm Co., L.P.A.
7672 Montgomery Road, Suite 378
Cincinnati, Ohio 45236

For Defendants and Counterclaimant:

David H. Peck
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

II. **NATURE OF ACTION AND JURISDICTION:**

A.   This is an action for breach of duty of loyalty and breach of contract brought as a Counterclaim by Defendant and Counterclaimant Independent Order of Foresters against Plaintiff and Counter-defendant John Edwards.

    B.    The jurisdiction of the Court is invoked under Title 28, United States Code § 1367.

    C.    The Plaintiff contests the jurisdiction of the Court because there is not a nexus of facts or law with the original complaint and the Laws of Ontario controls.

### III. TRIAL INFORMATION:

    A.    The estimated length of trial is one day.

    B.    Trial to the Court will begin on July 12, 2004.

### IV. STATEMENT OF THE CASE:

    A.    Counterclaimant:

The IOF, as counter claimant, states that the counter defendant, John Edwards, breached his employment contract with the IOF and his common law duty of loyalty by selling life insurance products for companies that competed with the IOF while he was employed by the IOF.

    B.    Counter Defendant:

The pattern and practice of the IOF was to require the sale of other insurance products through both Enhanced Benefit Design and Sylvan. Virtually all of the agents had licenses with other entities and it was required that the IOF agents sell other products that were not IOF because IOF is a fraternal organization and can sell only a limited number of products. The sale of other products was required to give a full line of insurance to members of IOF. Some of the products were from other life insurance companies and but were not in competition because the IOF would not write the policies on the individuals because they were high risk or the policies were not life insurance products that accomplished the need or stated goals of the member. These were sold with the full knowledge and encouragement of the management of IOF.

V.  **TRIAL DETERMINATIONS:**

    A.  **FACTS**

        1.  **Stipulated Facts:**

            a.  At all time relevant to the counterclaims, Edwards was employed as a District Manager of the IOF's field office in Cincinnati.

            b.  The terms of Edward's employment with the IOF are set forth in an agreement entitled "District Manager Agreement `A' United States Between [IOF] and Edwards, John," which is dated November 20, 1995.

        2.  **Disputed Facts**

            a.  Whether Edwards, while employed by the IOF, sold life insurance products for competing companies in violation of his employment contract and/or his common law duty of loyalty.

            b.  Whether Edwards, while employed by the IOF, held unauthorized appointments with insurance companies in violation of his employment contract.

            c.  Whether the IOF permitted the sale of non-IOF products without a written modification of the contract through licenses obtained through a related entity called Sylvan.

    B.  **APPLICABLE PROPOSITIONS OF LAW:**

        1.  **Defendant's Representation of Applicable Propositions of Law:**

            a.  In Ohio, an employee has a duty to act "in the utmost good faith and loyalty" to his employer and its interests. *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 326 (10th Dist. 2000) quoting *Connelly v. Balkwill*, 160 Ohio St. 430, 440 (1954).

      b.    An employee violates his duty of loyalty if, while still employed, he competes with the employer. *Berge*, 136 Ohio App. 3d at 326.

      c.    To establish a breach of contract, a plaintiff must establish the existence and terms of a contract, the plaintiffs performance of the contract, the defendant's breach of the contract and damage or loss to the plaintiff. *Powell v. Grant Med. Ctr.*, 148 Ohio App. 3d 1, 10 (2002-Ohio-443).

    2.    **Plaintiff's Representation of Applicable Propositions of Law:**

      a.    At paragraph 6(h) of the District manager contract there is a limitation of action clause that prohibits this claim as untimely and the defendant is estopped from bring it under this term and the principle of laches.

      b.    There are multiple agreements both written and oral in addition to the District Mangers Contract on which Defendant relies and are permitted because there is no merger clause in the contract. These are not consistent with terms of the written agreement.

      c.    The IOF's course of action and its pattern and practice estopps it from bringing this action. *Kelly v. Georgia-Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 12.

      d.    The common law of contracts precludes this action because the IOF waived any rights that it have may have had by requiring Edwards and others to acquire licences and sell other products and has acquiesced to this practice.

C.    **Witnesses:**

The parties have listed on the appropriate appendices those persons who will be called or who will be available to testify.

The parties reserve the right to call without prior notice to opposing counsel rebuttal witnesses whose testimony could not reasonably be anticipated.

D. **Expert Witnesses:**

The parties will not be calling expert witnesses at trial.

E. **Exhibits:**

The parties will offer as exhibits those items listed on appendices hereof prepared in accordance with Section C of the Order Instructing Certain Pretrial and Trial Procedures as follows:

1. Joint Exhibits: Appendix A
2. Plaintiff's Exhibits: Appendix B
3. Defendant's Exhibits: Appendix C

F. **Depositions, Interrogatories and Admissions:**

Evidence from the following witnesses will be presented by deposition, responses to requests for admissions and responses to interrogatories.

The Plaintiff anticipates presenting the testimony of Joseph Vastano by deposition. We are attempting to schedule this on July, 2, 2004 in Boston.

Defendant anticipates presenting the testimony of Bradley Ethridge by deposition. Counter-defendant's responses to requests for admissions and interrogatories will be offered at trial.

G. **Discovery:**

Discovery has been completed.

H. **Pending Motions:**

The following motion is pending at this time.

1. Defendant's Motion to Dismiss it's Counterclaims.
2. Plaintiff intends to file a response and additional motions as a result of the Defendant's motion to Dismiss.

IV. **<u>SETTLEMENT EFFORTS:</u>**

The parties have entered into attempts to settle through mediation and negotiations between the parties' counsel. The Defendant believes that a good faith effort to negotiate a settlement. The Plaintiff differs in this opinion.

V. **<u>TRIAL TO THE COURT:</u>**

The parties will submit Findings of Fact and Conclusions of Law in accordance with Section H of the Order Instructing Certain Pretrial and Trial Procedures.

 

_____
Herman J. Weber, Senior Judge
United States District Court

| | |
|---|---|
| s/ Robert Armand Perez, Sr. | s/ David H. Peck |
| Robert Armand Perez, Sr. (0009713) | David H. Peck (0059798) |
| The Perez Law Firm Co., L.P.A. | Taft, Stettinius & Hollister, LLP |
| 7672 Montgomery Road, Suite 378 | 425 Walnut Street, Suite 1800 |
| Cincinnati, OH  45236-4204 | Cincinnati, OH  45202-3957 |
| Tel.: (513) 891-8777 | Tel.: (513) 381-2838 |
| Fax: (513)891-0317 | Fax: (513)381-0205 |
| rperez@cinci.rr.com | peck@taftlaw.com |
| | |
| Trial Attorney for Plaintiff | Trial Attorney for Defendants |

W0195404.1
6