UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN OLIVER EDWARDS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.: C-1-01-582 |
| ) | |
| IOF FORESTERS SEVERANCE ) | |
| PAY PLAN et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS ITS OWN COUNTERCLAIM**

The Defendant has misrepresented to the Court the Plaintiff John Edward's position with regard to its Motion to Dismiss. Counsel for the Defendant requested that the Plaintiff stipulate to the dismissal. This was declined because the Plaintiff believes that the counterclaim was insincere and has damaged the record in this case. Plaintiff does not oppose dismissal. It should be dismissed.

I.      **Defendant Cannot Prove Elements.**

After representing to the Court that it would be able to prove damages, now the Defendant in its pretrial statement has failed to denominate them. It is clear from its proposed finding of the facts that it can prove no damages. Instead, it wishes the Court to order a forfeiture of salary paid to Edwards. This is an inadequate claim against the Plaintiff. Even if the factual allegations by the Defendant that Edwards breached his contract were in fact true, there are no damages to the Defendant. The counterclaim was inadequate from the time it was alleged.

**II.**       **No Jurisdiction.**

The Defendant has not pled the basis for jurisdiction. Fed. R. Civ. Pro. 13, defendant must allege the basis of the court's jurisdiction. *Baker v. Gold Seal Liquors*, 47 U.S. 467, 94 S. Ct. 2504 (2001).

**III.**      **Defective Record.**

The Plaintiff requests the Court correct the record to comport with the requirements of procedural review as afforded by the Sixth Circuit's decision in *Wilkins v. Baptist Hospital*, 150 F.3d 609, 1998 U.S. App. LEXIS 17699, 1998 FED App. 0236P (6th Cir. 1998).

This counterclaim appears to be an effort to circumvent *Wilkins*. Because it was an effort to do indirectly what Defendant was not permitted to do directly, the non-administrative-record documents should be stricken.

For this reason, the Plaintiff John Edwards with this agrees that the Court should dismiss with prejudice this counterclaim. Additionally, the Plaintiff requests that the Court:

- A) strike all of the Defendant's evidentiary documents with the exception of Record Number 36 that is the administrative record filed by the Defendant, including all affidavits and deposition transcripts filed by the Defendant;
- B) award attorney's fees for the defense of the counter-claim to be later determined on application by Plaintiff;
- C) award costs related to the defense to Plaintiff.

The Plaintiff incorporates by reference his Motion to Strike that is filed together with this.

Wherefore the Plaintiff respectfully requests that the Defendant's evidentiary materials not related to the administrative record be stricken and that he be awarded attorney's fees and costs upon his application, to be determined at that time.

Respectfully submitted,
THE PEREZ LAW FIRM CO., L.P.A.


By: /s/ Robert Armand Perez Sr.
ROBERT ARMAND PEREZ SR.
Trial Attorney for Plaintiff
7672 Montgomery Road, #378
Cincinnati, OH 45236-4204
(513) 891-8777 - telephone
(513) 891-0317 - telefax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this has been served on the attorney for the Defendants with the electronic filing of this Order on this June 29, 2004 at:

David H. Peck, Esq.
Taft, Stettinius & Hollister LLP
1800 Firstar Tower, 425 Walnut Street
Cincinnati, OH 45202-3957

/s/ Robert Armand Perez Sr.
Robert Armand Perez Sr.
