UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN OLIVER EDWARDS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.: C-1-01-582 |
| ) | |
| IOF FORESTERS SEVERANCE ) | |
| PAY PLAN et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO STRIKE**

Now comes the Plaintiff and hereby moves the Court to strike all evidentiary documents filed by Defendant from the record except for Record No. 36, pursuant to Fed. R. Civ. Pro. 12(f).

**MEMORANDUM IN SUPPORT**

The Defendant International Order of Foresters engaged in discovery by depositions and filed a counterclaim against Edwards that it now requests the Court to dismiss. This counterclaim is unsupported by facts necessary for success. It is clear from the proposed Joint Pretrial Order and the Defendant's own proposed finding of facts that it can prove no damages. Nonetheless, the Defendant itself alleges in the Pretrial Order that one of the elements of a breach of contract is, in fact, damages. There is nothing that would allow the Court to assess appropriate contract damages against the Plaintiff. The suggested forfeiture of salary, as well as punitive damages, wholly miss the mark and are not elements of damage in a breach of contract suit in Ohio. Also, the Defendant has not pled the required jurisdictional basis.

1

Now, the Plaintiff is left with a record that violates the dictates of the Sixth Circuit in *Wilkins v. Baptist Hospital*, 150 F.3d 609, 1998 U.S. App. LEXIS 17699, 1998 FED App. 0236P (6th Cir. 1998). The Plaintiff is of the opinion that this whole exercise was an attempt to circumvent the directive of the Sixth circuit to resolve these ERISA matters in an expeditious, low cost fashion. The Defendant has wasted numerous hours of judicial time in its efforts.

The Plaintiff John Edwards submits to the Court that the filings of the Defendant were and are impertinent and in violation of the directives of the Sixth Circuit on what the Court should consider in ERISA matters.

Wherefore, the Plaintiff hereby requests that the Court strike all evidentiary documents from the record because it is an attempt to circumvent the limitations of *Wilkins v. Baptist Hospital, Id.* They serve no purpose in this case because the Defendant has now requested the Court dismiss its own counterclaim. Specifically, the Plaintiff requests that all evidentiary materials filed by the Defendant, including Edwards' deposition transcript, be stricken except for Record Number 36, denominated by the Defendant as the Administrative Record.

The Plaintiff requests this of the Court to strike these documents that violate the holding of the Sixth Circuit in *Wilkins, Id.* and are in direct contravention of the procedural rules articulated by it.

       Respectfully submitted,
       THE PEREZ LAW FIRM CO., L.P.A.

       By: /s/ Robert Armand Perez Sr.
       ROBERT ARMAND PEREZ SR.
       Trial Attorney for Plaintiff
       7672 Montgomery Road, #378
       Cincinnati, OH 45236-4204
       (513) 891-8777 - telephone
       (513) 891-0317 - telefax

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this has been served on the attorney for the Defendants with the electronic filing of this Order on this June 29, 2004 at:

David H. Peck, Esq.
Taft, Stettinius & Hollister LLP
1800 Firstar Tower, 425 Walnut Street
Cincinnati, OH 45202-3957

          /s/ Robert Armand Perez Sr.
          Robert Armand Perez Sr.