UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN OLIVER EDWARDS, | Case No. 1:01-cv-582 |
| Plaintiff, | |
| v. | Judge Weber |
| | Magistrate Judge Hogan |
| IOF FORESTERS SEVERANCE PAY PLAN AND SUMMARY PLAN DESCRIPTION FOR FIELD DISTRICT MANAGEMENT EMPLOYEES OF THE INDEPENDENT ORDER OF FORESTERS WHO WORK IN U.S. FIELD OFFICES | |
| and | |
| THE INDEPENDENT ORDER OF FORESTERS, | **DEFENDANT IOF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |
| Defendants. | |

The IOF's motion to dismiss is unopposed and should be granted. However, Plaintiff's Response To Defendant's Motion To Dismiss Its Own Counterclaim merits a brief response.

Contrary to Plaintiff's assertion, the IOF is confident that it could establish Plaintiff's breach of his contract and his duty of loyalty. With respect to damages, the IOF's pretrial filing identifies not only salary paid by the IOF while Plaintiff was working for its competitors, but the lost revenue from the insurance policies that he sold for those competitors. However, based on recent events and the current posture of the case the IOF decided not to proceed with a separate hearing on its counterclaims and filed a prompt motion to dismiss.

As for jurisdiction, given that the IOF has been granted summary judgment on Plaintiff's ERISA claims, the Court certainly has the discretion to decline to retain jurisdiction over the counterclaims, which are based on state law.

Plaintiff is not entitled to an award of attorney fees or costs. Magistrate Judge Hogan recommended summary judgment for the IOF on its counterclaims, which is just one of many

indicators that the claims have merit. The fact that the IOF seeks to dismiss the counterclaims after it won summary judgment on Plaintiff's claims, but was denied summary judgment on its counterclaims, does not render the counterclaims "insincere." Litigation is fluid and Plaintiff himself dismissed one of his ERISA claims after discovery issues arose and procedural aspects of the case began to change.

Finally, for the reasons stated in Defendant IOF's Response to Plaintiff's Motion To Strike, Plaintiff is not entitled to an order striking all of Defendant's "evidentiary documents."

Defendant IOF respectfully asks the Court to grant its motion to dismiss its counterclaims.

s/ David H. Peck
David H. Peck (0059798)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel.: (513) 381-2838
Fax: (513)381-0205
peck@taftlaw.com

Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed on June 29, 2004. By virtue of operation of the Court's CM/ECF system, notice of this filing will be sent to Robert Armand Perez, Sr., Counsel for Plaintiff, The Perez Law Firm Co., L.P.A., 7672 Montgomery Road, Suite 378, Cincinnati, Ohio 45236.

s/ David H. Peck
David H. Peck (0059798)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel.: (513) 381-2838
Fax: (513)381-0205
peck@taftlaw.com

Trial Attorney for Defendants