UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN OLIVER EDWARDS, | : | Case No. 1:01-cv-582 |
| Plaintiff, | : | |
| | : | Judge Weber |
| v. | : | |
| | : | Magistrate Judge Hogan |
| IOF FORESTERS SEVERANCE PAY PLAN AND SUMMARY PLAN DESCRIPTION FOR FIELD DISTRICT MANAGEMENT EMPLOYEES OF THE INDEPENDENT ORDER OF FORESTERS WHO WORK IN U.S. FIELD OFFICES | : | |
| and | : | |
| THE INDEPENDENT ORDER OF FORESTERS, | : | **DEFENDANT IOF'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE** |
| Defendants. | : | |

Plaintiff's Motion to Strike should be denied. The dismissal of the IOF's counterclaims does not render "all evidentiary materials" other than the administrative record, irrelevant or otherwise inappropriate. On the contrary, **the information is relevant to Plaintiff's claim for breach of fiduciary duty**, which Plaintiff conveniently fails to address or even mention in his motion. As the Magistrate Judge properly found when Plaintiff raised this same argument almost two years ago:

> Assuming without deciding that plaintiff may assert a claim under 29 U.S.C. § 1132(a)(3) [breach of fiduciary duty] as an alternative to his claim under § 1132(a)(1)(B), the *Wilkins* limits do not apply. Plaintiff may not have it both ways. If he wishes to pursue an

W0197643.1

>alternative remedy under § 1132(a)(3), defendants are entitled to discovery. Thus, to the extent that plaintiff's claims are not limited to matters within the administrative record, defendants should be permitted to seek discovery of evidence relating to such claims.

(Order of July 11, 2002, pp. 2-3).

Plaintiff's motion should also be denied because he has raised procedural challenges to the administrative record. Again, Magistrate Judge properly found that "[i]f a procedural challenge is alleged, such as a lack of due process afforded by the administrator or bias on its part, the court's review and the scope of discovery will necessarily include matters outside the administrative record. (Id.)

Furthermore, Plaintiff's motion should be denied because there is nothing pending before the Court that warrants striking documents from the record. The Court has already granted summary judgment on Plaintiff's ERISA claims and striking the material is not necessary to, or reasonably related to, granting the IOF's unopposed motion to dismiss its counterclaims.

The Sixth Circuit decided *Wilkins*, and it is fully capable of applying it to any evidentiary questions that may arise during an appeal filed by Plaintiff. Plaintiff's attempt to shape the record for appeal by ignoring his breach of fiduciary duty claim and urging the mis-application of *Wilkins* should be denied.

Finally, Plaintiff's professed concern for the "expeditious, low cost" resolution of ERISA claims is hard to square with his shotgun style ERISA complaint. Plaintiff could have simply brought a claim for benefits but he chose to also allege discrimination under ERISA and a breach of fiduciary duty, and he maintained the latter throughout this litigation.

Defendant IOF respectfully requests that the Court deny Plaintiff's Motion to Strike and award the IOF its related attorney fees and costs.

s/ David H. Peck
David H. Peck (0059798)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel.: (513) 381-2838
Fax: (513)381-0205
peck@taftlaw.com

Trial Attorney for Defendants

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was electronically filed on June 29, 2004.  By virtue of operation of the Court's CM/ECF system, notice of this filing will be sent to Robert Armand Perez, Sr., Counsel for Plaintiff, The Perez Law Firm Co., L.P.A., 7672 Montgomery Road, Suite 378, Cincinnati, Ohio 45236.

        s/ David H. Peck
        David H. Peck (0059798)
        Taft, Stettinius & Hollister, LLP
        425 Walnut Street, Suite 1800
        Cincinnati, OH  45202-3957
        Tel.: (513) 381-2838
        Fax: (513)381-0205
        peck@taftlaw.com

        Trial Attorney for Defendants